UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER LEWIS ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:08-CV-0078 |
| | ) |
| DAVID DONAHUE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Christopher Adams, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the Commissioner of the Indiana Department of Correction and Indiana State Prison officials violated his federally protected rights. Adams filed his complaint in the United States District Court for the Southern District of Indiana, which transferred the case to this district pursuant to 28 U.S.C. § 1406(a).

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The Supreme Court recently retooled the pleading standards. In the context of a motion to dismiss for failure to state a claim, the Supreme Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. The *Erickson* Court stated that "[s]pecific facts are not necessary" to meet the requirements of RULE 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read the cases to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under RULE 8."*Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

     Adams's complaint alleges that the defendants violated rights protected by the eighth and fourteenth amendments by failing to provide for his safety. In the potion of the complaint entitled "supporting facts," Adams states, "see attached notice of tort claim for all names and supporting facts in this case." (Complaint at p. 3.) In his notice of tort claim, Adams states that on September 13, 2005, while he was confined at the Indiana State Prison, inmates attacked him while he was in his dormitory cube. He reported the incident to prison officials. Adams states that he was placed in the NSB segregation unit along with Christopher Davis, one of the inmates who had attacked him. Adams alleges that Davis started spreading gossip about him to other inmates on the NSB. He states that on September 23, 2005, correctional officers unlocked his cell,

2

which allowed other inmates to enter his cell and steal his property. He alleges that on September 29, 2005, correctional officers unlocked his cell, which allowed unknown inmates to throw boiling hot water laced with bengay on his face, causing him to be severely burned and suffer permanent injury.

Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). When reviewing § 1983 actions, "federal courts adopt the forum state's statute of limitations for personal injury claims." *Johnson v. Riviera*, 272 F.3d 519, 521 (7th Cir. 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues." *Doe v. Howe Military School*, 227 F.3d 981, 988 (7th Cir. 2001) (citing I.C. 34-11-2-4); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). The statute of limitations is an affirmative defense, so if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) *cert. denied*, 511 U.S. 1084 (1994).

The clerk of the United States District Court for the Southern District of Indiana received the complaint in this case on February 1, 2008. The "mailbox" rule provides that a prisoner's submission is deemed filed on the date the prisoner deposits it in the prison mail system, and not on the date when it is received by the court. *Ingrahm v. Jones*, 507 F.3d 640, 643 (7th Cir 2007). At the screening stage, this court normally accepts

3

the date a prisoner signs the complaint as the date he delivered it to prison officials for mailing. Because Adams signed his complaint on January 20, 2008, any events occurring before January 20, 2006, are beyond the statute of limitations. All of the events the plaintiff complains of occurred on or before September 29, 2005, and his claims are, therefore, barred by the statute of limitations.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court **DISMISSES** this complaint and **DIRECTS** the clerk to close this case.

                              **SO ORDERED.**

DATE: February 25, 2008

                              s/ James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT